BILL HESTER v. THE STATE.

No. 4403.    Decided February 24, 1909.

**1.—Carrying Pistol—Traveler—Charge of Court.**

Where upon trial for unlawfully carrying a pistol the evidence raised the issue that defendant carried the pistol as a traveler, which was properly submitted by the court, there was no error in refusing a special instruction in substantially the same language as the main charge.

**2.—Same—Charge of Court—Words and Phrases.**

Where upon trial for unlawfully carrying a pistol the court's charge inadvertently omitted the word "doubt," in charging on reasonable doubt, and the court in reading his written charge included this word, there was no error. Following Green v. State, 52 Texas Crim. Rep., 44.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchannan.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was tried in the County Court of Scurry County on a charge of unlawfully carrying arms and convicted, from which conviction he appeals.

1. The testimony shows in brief that appellant had the pistol at or near the residence of one Moffet in Fisher County. It appears that he was out in Mr. Moffet's pasture with Brandon and Pierce Moffet, and while out in the pasture he shot off the pistol, handed it to one of the witnesses, who looked at it and gave it back to him. The witnesses also say that they saw him with the pistol the next day. It seems that appellant's father lived at the time in Borden County, and that there was some issue or question as to whether he was at the time going to his father's home, and, therefore, protected under the law as a traveler. It seems, however, if he intended to go home the Saturday night in question he gave up the idea and went to the home of Moffet and went with his sons out in the pasture to get some horses. In his own behalf appellant testifies that he stayed all night at Mr. Moffet's on Saturday night, May 9, 1908, and that his boys were going out in the pasture for some horses Sunday morning. That his way home lay through the pasture, so he went with them. That he told them at Mr. Moffet's that he was going home that morning and intended to do so when he left the house. That while going through the pasture Pierce Moffet begged him to go back with him and go to church; that he decided to do this and go home in the evening. He denies that he went out in the pasture with the boys just to get the horses, but admits there was a road through the pasture leading to his home, and while in the pasture he took the pistol out of his pocket to shoot a rabbit. The issue raised by him was submitted to the jury in this language: "If on the other hand you believe that the defendant at the time and place alleged in the information herein had on or about his person a pistol but was at such time and place a traveler you will acquit the defendant and say by your verdict not guilty. You are further instructed that if the defendant on Sunday morning while out in the pasture had started on his journey home with the bona fide intention of beginning such journey at such time, but changed his mind and returned to the Moffet home, then he would at such time and place be entitled to the exemption of a traveler, but if such were not the case the defendant would not be entitled to the exemptions given to travelers under

the law." This charge was almost in the language of the special instructions requested by counsel for appellant, and was at least a substantial submission of the only issuable fact in the case.

2. In the written charge applying reasonable doubt we find this. language: "You are instructed that the laws of our State presume a man be innocent until his guilt is established beyond a reasonable by legal evidence." In the exception touching this matter the court makes the following statement: "In reading the part of the charge above. excepted to the same was read by me to the jury including the word 'doubt' just as if same had not been inadvertently omitted, and said omission was not discovered by himself or defendant's counsel in the written charge until after the jury had returned the verdict." We think the omission is such a one as in the nature of things would have been supplied by any jury of ordinary intelligence, and in view of the statement of the court that he in fact read the charge as if the word "doubt" had been in it, we do not think appellant was injured by this omission. Green v. State, 52 Texas Crim. Rep., 44.

Finding no error in the proceedings of the court below, the judgment is in all things affirmed.

*Affirmed.*