## O. D. CROMWELL v. THE STATE.

No. 673.    Decided June 8, 1910.

**1.—Arson—Continuance—Want of Diligence—Second Application.**

Where, upon trial of arson, it appeared that at a former term of the court the case was continued by consent, defendant's application for continuance must be treated as a second application and show that the testimony can not be procured from any other source; but even as a first application the same was properly overruled for want of diligence.

**2.—Same—Charge of Court—Words and Phrases.**

Where, upon trial of arson, the court's charge upon reasonable doubt inadvertently omitted the word "doubt," there was no error as from the context of the charge, the minds of the jurors would necessarily supply the omission.

Appeal from the District Court of Freestone.    Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of arson; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Bell & Fryer,* for appellant.—On question of continuance: Ham-

mond v. State, 28 Texas Crim. App., 413; McCline v. State, 25 Texas
Crim. App., 247; Schultz v. State, 20 Texas Crim. App., 315; Law-
son v. State, 21 Texas Crim. App., 172; Simmons v. State, 26 Texas
Crim. App., 514.

On question of court's omission of word "doubt" in his charge:
Wallace v. State, 9 Texas Crim. App., 299; Fury v. State, 8 Texas
Crim. App., 471; Chapman v. State, 3 Texas Crim. App., 67;
Schultz v. State, 20 Texas Crim. App., 315; Slade v. State, 29 Texas
Crim. App., 381; Massey v. State, 1 Texas Crim. App., 563; Red-
man v. State, 52 Texas Crim. Rep., 591, 108 S. W. Rep., 365; Bland
v. State, 4 Texas Crim. App., 15; Gallaher v. State, 28 Texas Crim.
App., 247; Johnson v. State, 30 Texas Crim. App., 419.

*John A. Mobley*, Assistant Attorney-General, for the State.—Cited
cases in opinion.

McCORD, JUDGE.—The appellant was indicted and convicted in
the court below of the offense of wilfully and maliciously attempting
to set fire to and burn a certain house belonging to one Hamp
Jones. His trial resulted in a conviction with a penalty of four
years. When the case was called for trial the appellant made an
application for a continuance for the want of the testimony of one
Henry Cook, whose residence was alleged to be in Freestone County,
and by whom the defendant expected to prove that he was present
on the night the house was discovered to be on fire and assisted the
defendant in getting on top of the house for the purpose of extin-
guishing the fire, and that the witness knows that the defendant did
try to extinguish the fire. It seems that a bill of indictment was
returned against the defendant on the 15th day of September, 1909,
and the trial occurred at the succeeding term of the District Court,
which was held in February, 1910. At the first term of the court
the case was continued by consent. This continuance will, therefore,
be treated as a second application for a continuance. The only dili-
gence disclosed by the motion is the issuance of a subpoena for this
witness on the 14th day of February, 1910. This subpoena was re-
turned "not executed; witness not found." The case was called for
trial on the 22d day of February, 1910, and, as a second application
for continuance it is defective in omitting to state that the testimony
can not be procured from any other source known to the affiant and
it failed to state that the defendant has reasonable expectation of
procuring the same at the next term of the court, but should we
treat this as a first application for a continuance, the applicant shows
a want of diligence. A bill of indictment was returned six months
before the application was made for process. The witness resided
in the county where the offense is alleged to have been committed,
yet no effort was made to find out the whereabouts of the witness,
or to secure his attendance at court until a few days before the case

was called for trial. The application simply states that the witness was not served. The court below in signing the bill of exception to the refusal to grant the continuance states that when the defendant's application for continuance was presented to the court, the court announced to defendant's counsel that if he wanted said witnesses the court would have additional process issued for them and would exhaust all means at the command of the court to get them, but counsel for defendant did not avail himself of the court's offer and did not ask for the additional process tendered by the court. To our minds the application shows a want of diligence. It does not comply with the requirements laid down by the statute for a second application for continuance on the part of defendant, but appellant is not in a position to complain in this court because even after his application for continuance had been overruled the court below tendered him all the process needful to procure the attendance of the witness. Appellant failed to avail himself of the offer on the part of the court. We, therefore, hold that the court below did not err in refusing to grant a continuance.

Counsel complain that the court erred in paragraph 11 of his charge, which reads as follows: "The defendant is presumed by law to be innocent until his guilt is established by legal and competent evidence to your satisfaction beyond a reasonable ——. This reasonable doubt extends to every phase of the case; and if you have a reasonable —— of the guilt of the defendant, you will give him the benefit of such doubt, and acquit him." It is insisted that the omission of the word "doubt" following reasonable renders the charge of the court unintelligible and ambiguous, and that the same was practically a refusal on the part of the court below to give in charge to the jury the doctrine of reasonable doubt that must be given in all criminal cases. We have carefully considered this question and have come to the conclusion that there is no merit in appellant's contention. If a word should be omitted that changed the whole meaning of the sentence it might be just ground of complaint, but where the mind would necessarily supply a word in connection with the whole sentence it can not be considered such an error as ought to receive consideration. Now, when the court directed the jury that the defendant is presumed innocent until his guilt is established by legal and competent evidence beyond a reasonable ——, and then this is followed with the statement "this reasonable doubt extends to every phase of the case," naturally the mind would supply the word "doubt," and it could not be regarded as of serious moment. Questions similar to this have been before this court in several cases. In the case of Green v. State, reported in the 52 Texas Crim. Rep., 44, was where the court in directing the jury that if under all the facts and circumstances in evidence, "in this case would commonly have produced a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the —— incapable of

cool reflection, then such attack would be adequate cause," and in that case it was insisted that the omission of the word "mind" rendered the charge unintelligible. This court, speaking through Judge Brooks, says: "We do not think the jury could possibly have been misled by this charge. Evidently, in reading the charge, the learned trial court read the word "mind" in the blank complained of, and whether he did or did not, the mind of any juror would instinctively, in the light of the context, insert the word "mind," knowing that it was the sheerest inadvertence that omitted the word." The case of Hester v. State, 55 Texas Crim. Rep., 374, was a case where "doubt" was omitted from the charge as read. The charge as given was as follows: "You are instructed that the laws of our State presume a man to be innocent until his guilt is established beyond a reasonable by legal evidence." This court, speaking through Judge Ramsey, states: "We think the omission is such a one as in the nature of things would have been supplied by any jury of ordinary intelligence, and in view of the statement of the court that he in fact read the charge as if the word 'doubt' had been in it, we do not think appellant was injured by this omission." See also Leonard v. State, 56 Texas Crim. Rep., 84. It is true that in the above case the court mentions that in view of the fact that the court in reading the charge used the word "doubt," as one reason the court held the contention without merit. However, we are of opinion that whether the record discloses that the court did use the word "doubt" or not, in reading his charge, that it is not necessary for the record to disclose that fact, for it would be presumed that a jury of ordinary intelligence would supply the word. The context and the sentence shows that it had a place there and that no other word could supply that place but could be given a different meaning. We, therefore, hold that the error, if error at all, is not of sufficient importance to require a reversal of the case. We deem it unnecessary to set out the facts in the opinion. It will be sufficient to say that while the case was circumstantial, yet there was sufficient testimony to justify the verdict of the jury.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*