### HARROLD ROGERS v. THE STATE.

No. 5949.   Decided November 3, 1920.

**1.—Rape by Force—Practice on Appeal—As to Sufficiency of the Evidence.**

Where, the disposition of the case renders it unnecessary that this court should express an opinion as to whether the evidence is sufficient to sustain the conviction, and the judgment is reversed and the cause remanded upon another ground, no such opinion is expressed.

**2.—Same—Remarks by Court—Outcry by Prosecutrix.**

Where, upon trial of rape by force, the State relied upon the testimony of the injured female alone to show the defendant's guilt, she having failed to report the outrage to her family, together with other weaknesses in the evidence, the remarks by the trial court in examining the defendant's witness, who testified that defendant had not committed a felony, under a suspended sentence plea, to the effect that he thought there was a better way to prove the fact. etc., the same was a comment on the testimony and reversible error, as the same was not harmless error in the instant case.

**3.—Same—Suspended Sentence—Evidence—Record—Rule Stated—Remarks by Judge.**

The rules of evidence do not require the introduction of records to negative that defendant had never been convicted of a felony, and the intimation by the trial judge, implying that a record was required was not only unwarranted but a harmful comment and reversible error; especially, where the jury failed to recommend a suspended sentence   English v. State, 85 Texas Crim. Rep., 450.

Appeal from the District Court of Lampasas.   Tried below before the Honorable F. M. Spann.

Appeal from a conviction of rape by force; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mears & Watkins,* for appellant.—On question of remarks of court: Gribble v. State, 210 S. W. Rep., 215.

*Alvin M. Owsley,* Assistant Attorney General, and *W. H. Browning,* of Lampasas, for the State.—On question of remarks by court: Yates v. State, 152 S. W. Rep., 1064;  Gregory v. State, 43 id., 1017.

MORROW, Judge.—The conviction is for rape by force. The sufficiency of the evidence is challenged. The appellant is a young man about twenty-one years of age, the injured party a girl of nineteen. The evidence comes from the State's witnesses, and is undisputed. The parties were riding in a buggy. The appellant indulged in some familiarity in the way of kissing the girl and putting his arm around her. Against this she said she protested without avail, and threw the appellant's hat out of the buggy; that he persisted in his familiarities, putting his hand upon her leg and her privates; that she sought to get out of the buggy, but he put his arm up and prevented her; that the lines were tied to one of the buggy bows; that appellant put her in his lap, she sitting with her back to him; that he unbuttoned her drawers, and accomplished the act of sexual intercourse while she was sitting in his lap, she holding to the bows of the buggy top with her hands. She weighed about one hundred and nineteen pounds. She claims that in her struggle with him she became exhausted; that they were in an unfrequented road; that she cried and screamed without attracting attention; that she did what she could to prevent the occurrence. They were on the way to a church, and had proceeded about two miles and one-half when the incident took place, after which she expressed the wish to return home, and the appellant said he would take her home. They rode together to the pasture gate, about three hundred yards from her father's house. On the way they had some conversation about the appellant visiting his brother, and, according to her testimony, the appellant said that if she told her father it would result in the death of one of them. On walking from the pasture gate to her house she met her mother, and afterwards associated with her two sisters, somewhat younger than she, and her father, without disclosing the occurrence. On the day after it happened, however, she wrote to a lady friend in the adjoining county, advising her, and this lady visited the injured girl about a week later, at which time the matter was discussed in person with her and the transaction disclosed to the members of the family. She says that from the time that the assault took place until the day before it was disclosed, and at the time she wrote the letter to her friend, she was fearful of conception, though that fear was not the motive for her communicating with her friend.

We are making a disposition of the case which renders it unnecessary that we should express an opinion as to whether the evidence is sufficient to sustain a conviction. It may be different in the event of another trial. The State relying upon the testimony of the injured female alone to show the appellant's guilt, she having failed to report the outrage to her family, together with the circumstances which she details as accompanying the transaction, characterized the case as containing weaknesses which emphasize the error of the court in commenting upon the testimony. Pefferling v. State, 40 Texas, 487;

Wharton's Crim. Law, Sec. 733; Price v. State, 36 Texas Crim. Rep., 143; Arnett v. State, 40 Texas Crim. Rep., 623.

The appellant sought the benefit of a suspended sentence. He did not testify, but to prove that he had never been convicted of a felony, he introduced his uncle as a witness. This witness, after stating that he was acquainted with the appellant, who was his nephew, stated that the appellant had never been convicted of a felony in this or any other State. The appellant then indicating that he had no further questions, the court interposed and cross-examined the witness, asking him how he knew. The witness replied that he had been in the neighborhood most of the time and never heard of such a thing, and said: "It don't show on the books." The court said: "How do you know?" Witness said: "I guess it would be a record." The court said: "Did you look on the record? *Now as a matter of fact, you don't know what you are testifying in this case.*" Witness replied: "I have never heard of it. If he had been I would have heard of it." Court said: "I will exclude the testimony." Counsel for the State then took over the cross-examination, under which the witness said that the appellant was twenty-one years of age, had lived most of the time for the past ten years with his mother, but had lived about two years with a Mr. Durham, a neighbor living nearby; that the appellant had been out of the county but once, going to Oklahoma, and there remaining three or four months; that he didn't know what occurred while he was in Oklahoma, had no personal knowledge, but had never heard of his having been convicted of a felony. The court then said: "I will let the testimony stay in the record. I think there is a better way to prove the fact, however." The appellant thinks that the conduct of the court not only constituted a comment upon the weight of the evidence, but that the suggestion that there was a better way to prove the facts implied a reference to the failure of the appellant to testify. Without reference to the latter phase of the case, there is no escape from the view that the court commented upon the testimony. This is conceded by the State. In the statute, Article 787, C. C. P., it is said: "In ruling upon admissibility of evidence, the judge shall not discuss or comment upon the weight of the same, or its bearing upon the case, but shall simply decide whether or not it is admissible."

That the comment was an infringement on the rights of the appellant, guaranteed by the statute quoted, is obvious, but it being the rule that it is not every comment that requires a reversal, the State insists that the error was harmless. With this contention we are unable to agree. The jury assessed the punishment at imprisonment for five years. They could, under the statute, Article 865A, have suspended his sentence. Their right to do so, however, depended upon proof that he had not been convicted of a felony in this or any other State. He introduced but one witness upon this subject. In the cross-examination by the court and the State, it was

developed from this witness that his knowledge of the matter covered a period from the time that the appellant was a ten year old boy, with the exception of a short period of time during which the appellant was in Oklahoma. The record suggests no means of making proof better than that which was offered covering the period of appellant's absence from the State, unless the appellant should testify in his own behalf, and declare that while he was in Oklahoma he had not been convicted of felony. Aside from this, the comment of the court, implying that there was better evidence in connection with the manner and method of his cross-examination, suggests that in his opinion some records should have been introduced to negative his conviction. We do not understand that the rules of evidence require the introduction of records to negative the existence of a given fact. Records speak affirmatively, and the intimation implying that a record was required was not only, we think, an unwarranted but a harmful comment. In view of the weakness of the State's case, as indicated above, in showing rape by force, the verdict of the jury, and its failure to recommend the suspended sentence, we cannot accept the view that the court's comment was not prejudicial to the appellant. For authorities on the subject see English v. State, 85 Texas Crim. Rep., 450, 213 S. W. Rep., 634.

The error pointed out requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*