ERNEST BOATRIGHT V. THE STATE.

No. 14320. Delivered June 17, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*Murchison, Davis & Murchison,* of Haskell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the offense of rape; penalty assessed at confinement in the penitentiary for a period of five years.

The state's testimony is in substance as follows: Nina Swindle, a

girl eighteen years of age, was the subject of the assault. She and the appellant, a young man twenty-one years of age, met for the first time on November 15, 1930, at an entertainment in the home of a neighbor of the prosecutrix. Upon that occasion an engagement was made to go to a picture show at Lamesa, about six miles distant, on the night of November 17th. The alleged assault took place on their return from the picture show. She was assaulted and ravished while she and the appellant were in his automobile. The car was stopped at a lonely place on the road. After the occurrence, they went together to her home and arrived near midnight. On the following morning, between four and five o'clock, she reported the occurrence to her father and mother. Her clothes were examined and bore evidence of the transaction. The assault was reported to the officers and an examination of the prosecutrix was made by a doctor, whose testimony was to the effect that his examination showed a laceration of the vaginal outlet and a lacerated hymen clotted with blood. There was evidence of the entry of the vagina by some foreign object within twenty-four hours previous to the examination. The girl admitted that on the night of their first meeting, she and the appellant sat in his car near the house, permitted him to take a diamond ring from her finger, and submitted to his kissing her. It was then that the engagement was made to attend the picture show two days later.

The appellant's testimony is to the effect that the prosecutrix submitted to the act of intercourse voluntarily; that all he did was with her consent, and that on their way home after the act of intercourse she consented to a subsequent engagement. This she admitted with the explanation that it was through fear.

Such weakness in the testimony as would warrant this court in declaring that as a matter of law the evidence was not sufficient to support the verdict have not been perceived in the record.

Each of the precedents cited by the appellant are distinguishable on the facts from the present case.

In Price's case, 36 Texas Crim. Rep., 143, 35 S. W., 988, the prosecutrix suppressed the alleged assault until her condition advised the members of her family of her pregnancy.

In Arnett's case, 40 Texas Crim. Rep., 617, 51 S. W., 385, the prosecutrix was without corroboration, and the physical facts combatted the accuracy of her story. Her testimony was contradictory. The case was reversed by a divided court.

In the Perez case, 50 Texas Crim. Rep., 34, 94 S. W., 1036, the occurrence was within a few yards of a gang of laborers. The prosecutrix had two men protectors. It was claimed that these were put under duress. She made no outcry such as would attract the attention of persons nearby, and according to her own testimony, the prosecutrix made no such resistance as the occasion demanded.

In Rushing's case ('Texas Crim. App.), 80 S. W., 527, the evidence was regarded by the court as insufficient to show that there was copulation.

The Rogers' case, 88 Texas Crim. Rep., 109, 225 S. W., 57, was not reversed upon the insufficiency of the évidence, though in discussing that phase of the appeal, it was shown that the prosecutrix made no report of the assault to her family and was uncorroborated.

In the motion for new trial the claim is made that reversible error occurred in the examination of talesmen by the court in the absence of of the appellant. Of the evidence for the accused, the following is a summary: After the state and the accused had announced ready for trial and a special venire of fifty men were exhausted, the sheriff was ordered to summon twelve more. These were seated in the box, sworn and questioned touching their qualifications and with reference to any excuse they might have to offer. The sheriff was instructed in open court to retire the jurors and call them for examination one at a time. It was not until they were so called or examined individually that the appellant was brought into the court room. When recalled, they were re-examined with reference to their qualifications. On behalf of the state, the judge testified in substance as follows: When the twelve men reported, the attorney for the state and the appellant were present. He stated to the attorney for the appellant: "I believe I will qualify these twelve instead of taking them one by one." The attorney for the appellant said that would be all right as it would save time. The judge then called the twelve men into the court room, where the were sworn and interrogated as to their qualifications. They were all qualified. No excuses were offered. They were retired at the command of the court. Upon going to his office, the question occurred to the judge whether the accused was in the court room at the time the proceeding above mentioned was had. The judge's statement is quoted as follows: "Being uncertain of this fact and not making inquiry to ascertain whether it were a fact, when the jurors presented themselves one by one at which time the defendant was present in court, I again asked them the statutory questions relative to their qualifications as jurors before passing them to counsel for further examination."

In support of his motion, the following authorities are cited by the appellant: Article 580, C. C. P.; Bell v. State, 32 Texas Crim. Rep., 436; Oliver v. State, 70 Texas Crim. Rep., 140; Bullock v. State, 73 Texas Crim. Rep., 419; Porter v. State, 86 Texas Crim. Rep., 23; Crow v. State, 89 Texas Crim. Rep., 149; Littleton v. State, 91 Texas Crim. Rep., 205; Foreman v. State, 60 Texas Crim. Rep., 576; Sweat v. State, 4 Texas App., 617; Cordova v. State, 6 Texas App., 207; Escareno v. State, 16 Texas App., 85; Vernon's Ann. Tex. C. C. P., vol. 2, p. 6; also Curl v. State, 65 Texas Crim. Rep., 431.

The statutes require that in a felony case the accused must be present at the trial. Articles 580 and 679, C. C. P. The absence of the accused at some stage of the proceedings does not in every instance require a reversal. See Ex parte Cassas, 112 Texas, 100, 13 S. W. (2d) 869; also Powers v. State, 23 Texas App., 42; Cartwright v. State, 97 Texas Crim. Rep., 230; O'Toole v. State, 40 Texas Crim. Rep., 578; Sullivan v. State, 90 Texas Crim. Rep., 170; Speegle v. State, 102 Texas Crim. Rep., 500.

In the Powers case, supra, it appears that five of the talesmen were examined when the jury was called. One of them was examined as to his qualifications and was peremptorily challenged by the state. When the absence of the accused was ascertained, the proceedings were stopped and an unsuccessful effort was made to find Adams. It was obvious that no harm resulted from the occurrence. The court said: "A selection of the jury is beyond doubt one of the most important features of a trial for a capital felony, and we can well imagine how important it is ordinarily for a defendant to be present during such proceedings. But in any case, when a rule is invoked for non-observance, there should at least appear some slight reason why it should have been observed. It is a maxim that as a general thing, where the reason of a rule fails, the rule ceases to be obligatory or operative."

The rule is exemplified under similar facts by the other cases cited above.

It is thought that no reversible error is disclosed by the procedure. The judgment is affirmed.

*Affirmed.*