JOHN RAYMOND FREDERICKSEN V. STATE.

No. 24971. December 6, 1950.

*Jimmie MacNicoll,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, and *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The trial court submitted only robbery by assault, under an indictment which charged the capital felony of robbery by assault while exhibiting a pistol. Punishment was assessed at ten years' confinement in the penitentiary.

The injured party identified appellant as one of two persons who robbed him. An accomplice corroborated the injured party. Appellant denied the robbery and testified to an alibi, in which he was supported by other witnesses.

The facts support the jury's conclusion of guilt.

Appellant complains of the overruling of his first motion for a continuance because of the absence of witnesses who would, by their testimony, support his defense alibi. The absent witnesses were not under process.

The trial court qualified the bill of exception, presenting this matter, by certifying that there was no showing that the said witnesses "could ever be found or would ever be present at any future term of this Court." The appellant accepted this qualification and is bound thereby.

Under such circumstances we cannot agree that the trial court abused his discretion in overruling the motion for new trial because of the overruling of the motion for continuance. Goodman v. State, 148 Tex. Cr. R. 353, 187 S. W. 2d 224; Fowler v. State, 144 Tex. Cr. R. 382, 162 S. W. 2d 969.

Appellant complains that he was precluded from interrogating the accomplice witness Dorothy Day as to whether she had been charged in Kansas City with an offense of the grade of felony. The bill of exception presenting this matter is predicated upon the proposition that the state's objection to the

interrogatory precluded an answer by the witness. It appears that the appellant's question was answered by the witness. The trial court's qualification to the bill of exception shows that she did answer the question and that she testified, "I was not charged with anything in Kansas City."

The witness Baker, one of the officers who arrested appellant after the alleged robbery, was, upon cross-examination by appellant, asked to name all those who accompanied him at the time of the arrest. In answer, the witness gave the names of five other peace officers and stated that "The other person that went along with us I believe is considered confidential information," and that he did not feel free to divulge the name of that person. Appellant insisted that the witness give the name of that person.

The trial court, before ruling upon this request, retired the jury and then, with the witness, retired to his private office, where, in the absence of the appellant, the witness Baker informed the court that the accomplice witness Dorothy Day was the person who accompanied them and that he had promised the witness he would not divulge the fact that she had informed them where the appellant might be found and had gone with them to that place where he was arrested.

The trial court refused to require the witness to testify as to the name of the informant.

The bill of exception, as well as the record as a whole, affirmatively reflects that Dorothy Day, the person inquired about, testified upon the trial of the case that she did accompany the officers and was present at the time of appellant's arrest.

The error the appellant here insists upon out of the above facts is not that the court erred in refusing to require the witness Baker to divulge the name of the person who accompanied the officers at the time of appellant's arrest but that the examination of the witness Baker in his private office, under the circumstances stated, constituted a trial of appellant during his absence.

It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be either an actual showing of injury or a showing of facts from which injury might reasonably be inferred. Cartwright v. State, 96 Tex. Cr. R. 230, 259 S. W. 1085; Tischmacher v. State,

153 Tex. Crim. Rep. 481, 221 S. W. 2d 258. The rule stated controls the matter about which appellant here complains.

The other bills of exception appearing in the record have been examined and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.