**Ricardo MARES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55778.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Appellant's Motion for Rehearing En Banc Denied Oct. 18, 1978.

Phil Harris, Weslaco, for appellant.

Oscar R. McInnis, Dist. Atty. and Robert D. Ralston, Asst. Dist. Atty., Edinburg, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for delivery of a controlled substance, to-wit: heroin. Art. 4476–15, Sec. 4.03, V.A.C.S. The jury assessed punishment at 36 years.

I. C. Galvan, a Department of Public Safety narcotics agent, testified that he first met the appellant in July of 1975. On August 26, 1975, the appellant offered to sell him 90 ounces of "high grade heroin." They agreed to meet the next day at the appellant's home, where the appellant was to deliver 25 ounces of heroin in exchange of $31,250. According to the witness, on the morning of August 27, 1975, he arrived at the appellant's house and was invited in.

The appellant left in a car with an unidentified man and returned after a few minutes carrying a paper sack. The delivery took place and the witness gave a predetermined signal and other officers closed in and made the arrest.

Initially the appellant contends that the trial court erred in conducting a portion of the proceedings in his absence.

The record reflects that on three occasions objections to certain questions were taken up in chambers with both counsel for the appellant and the State present with a court reporter. The first instance involved the State's objection to a question asked the undercover agent on cross-examination. The court sustained the objection and appellant's counsel noted an exception and reurged his objection. The court requested counsel to approach the bench and they then retired to the judge's chambers. The record reflects that while in chambers counsel for the appellant and counsel for the State reargued the objection and the trial court indicated that he would continue to sustain the objection. The matters considered in chambers were strictly questions of law dealing with the scope of the cross-examination.

The second instance cited by the appellant also occurred during the cross-examination of the undercover agent. Appellant's counsel asked to approach the bench and after a brief off-the-record discussion the trial court moved the conference to chambers. It appears that the matter was initiated by appellant's counsel and again the issue discussed was the proper scope of cross-examination.

The third instance cited by the appellant occurred when appellant's counsel asked to make an objection outside the presence of the jury. Counsel retired to chambers with the trial court and made his objection having to do with the admissibility of State's Exhibits Numbers 1 and 2. The objection was overruled by the court.

After the State rested, appellant for the first time moved for a mistrial on the grounds that several motions were taken up and ruled on by the court in chambers without the defendant's presence.

Article 33.03, V.A.C.C.P., "Presence of defendant," provides:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722." [1]

In *Cartwright v. State*, 96 Tex.Cr.R. 230, 259 S.W. 1085 (1924), a rule which has been cited with approval in a number of cases [2] was stated as follows:

"It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be an actual showing of injury or a showing of facts from which injury might reasonably be inferred."

Appellant cites a number of cases where a defendant's absence from the trial resulted in reversal.

1. Our prior statute, Art. 580, V.A.C.C.P., Acts 1907, did not include the provision authorizing the trial to proceed in all felonies and misdemeanors punishable by jail where the defendant voluntarily absents himself after pleading, nor did it provide that a defendant is not required to be present at the hearing on the motion for new trial in any misdemeanor case.

See "Special Commentary" by Hon. John F. Onion, Jr., following the statute. Art. 33.03, supra.

2. See *Fredericksen v. State*, 155 Tex.Cr.R. 287, 234 S.W.2d 872; *Tischmacher v. State*, 221 S.W.2d 258; *Boatright v. State*, 118 Tex.Cr.R. 547, 42 S.W.2d 422.

In *Harris v. State*, 396 S.W.2d 880 (Tex. Cr.App.), reversal resulted where the defendant was not present at trial when he was convicted of a misdemeanor and assessed punishment which included a jail sentence. The absence of defendant at trial when the punishment or any part thereof is imprisonment in jail was found to be in contravention of Art. 580, V.A.C.C.P.

In *Phillips v. State*, 163 Tex.Cr.R. 13, 288 S.W.2d 775, it was held that the conviction must be reversed where the defendant was not present at the proceeding when his motion for new trial was overruled.

In *Webb v. State*, 161 Tex.Cr.App. 442, 278 S.W.2d 158, reversal was required where the court continued with the hearing on a defendant's motion to quash the indictment after the defendant had become ill and was taken to the hospital.

Lastly, appellant cites *Padillo v. State*, 159 Tex.Cr.R. 435, 264 S.W.2d 715. There it was held error to admit a prior conviction where defendant had been assessed a jail term when conviction had been based upon a guilty plea entered by his attorney in the absence of the defendant.

A number of Federal Circuit Courts have addressed the question of conferences held at the bench and in chambers in the defendant's absence. We find the opinion in *Egger v. United States*, 509 F.2d 745 (9th Cir.), to be instructive. In *Egger*, it was stated:

"Appellant complains that his absence during the trial from side-bar conferences between the Court and counsel for both sides constitutes a violation of Rule 43 F.R.Crim.P. and the Sixth Amendment. However, Egger never asked to attend any of these side-bar conferences nor was he prevented from doing so. He was, in fact, physically present throughout the trial, which is all that Rule 43 [3] and the Sixth Amendment would seem to require. Any greater 'right to be present' was effectively waived by Egger's failure to request it.

"Appellant relies upon *Stein v. United States*, 313 F.2d 518 (9th Cir. 1962) to support his contention that a defendant's absence from side-bar conferences can be prejudicial, and uses the rationale of *Kaufman v. United States*, supra [394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)], as a basis for raising this issue in a § 2255 motion. *Stein* requires that before this absence will constitute prejudicial error, 'The presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend.' Supra, p. 522. After a careful review of the record, the *Stein* panel concluded that there had been no prejudice to the defendant. We are of a like opinion regarding the Appellant. Egger was represented at trial by an experienced criminal defense attorney with a reputation for responsibility and effectiveness. In each of the significant side-bar conferences from which Appellant was absent, counsel for defense argued strongly and effectively on Appellant's behalf whenever his rights as a defendant were threatened. Egger's presence would have added nothing substantial to his opportunity to defend. No error resulted from his absence; in any event, any error appropriately raised under the *Kaufman* rationale was constitutionally harmless as required by *Chapman v. State of California*, supra [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)]." See also *United States v. Sinclair*, 438 F.2d 50 (5th Cir. 1971); *United*

---

3. Federal Rule 43 provides:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at a reduction of sentence under Rule 35."

*States v. Allison*, 481 F.2d 468 (5th Cir. 1973).

 It is difficult to imagine a trial fraught with complex legal problems when there will not be occasions where counsel and the court will confer on questions of law at the bench or in chambers out of the presence of the defendant. If injury is shown to defendant or if there are facts from which injury can be inferred resulting from such conferences, reversal is mandated. See *Cartwright v. State*, supra. We cannot envision harm to a defendant unless the presence of the defendant bears "a reasonably substantial relationship to the opportunity to defend." *Egger v. United States*, supra.

 In the instant case, no request was made by appellant or his counsel to attend the conferences at the bench or in chambers where questions of law were discussed between the court and counsel on both sides. No injury is shown to appellant, nor are there facts from which injury can be inferred. The presence of appellant at such conferences did not bear "a reasonably substantial relationship to the opportunity to defend." We find no violation of Art. 33.-03, supra, nor do we find that appellant was deprived of any right guaranteed by the Sixth Amendment. No error is shown.

 Appellant next contends that the trial court erred in admitting evidence obtained by a search warrant which did not properly describe the premises to be searched. No motion to suppress was filed, and at the time the heroin was offered into evidence no objection was made on the grounds now urged.[4] The objection at trial must comport with the complaint made on appeal. Nothing is presented for review. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.); *Williams v. State*, 531 S.W.2d 606

(Tex.Cr.App.); *Reece v. State*, 521 S.W.2d 633 (Tex.Cr.App.).

 Lastly, appellant contends, "The court allowed Galvan, undercover agent to testify as to what he was told by another policeman about an informer and information and about what the other policeman said and planned to do (get a search warrant), etc. (R. 70–73). All was allowed in over Defendant's objection that it was hearsay."

Appellant's complaint appears to be directed to the testimony of Galvan relative to being contacted by Officer Sanchez, who advised Galvan that he was planning to execute a search warrant at appellant's house. The witness at no time related anything about what an informer had told Sanchez. The record reflects that Sanchez later took the stand and testified without objection relative to receiving information from a confidential informer, talking to Galvan, and securing a search warrant for appellant's residence. Thus, the evidence about which appellant complains was admitted without objection during the testimony of Sanchez. Error, if any, was waived. *Davis v. State*, 516 S.W.2d 157 (Tex.Cr.App.).

We have reviewed appellant's pro se brief and find same to be without merit.

The judgment is affirmed.

---

4. Appellant's objection to the introduction of the heroin in the trial court was as follows:

"MR. MOISES VELA [defense counsel]: Now comes the defendant, Richard Mares, and outside the presence of the jury objects to the introduction of State's Exhibits 1 and 2, being the alleged heroin in this case, on the basis that the defendant, through his attorney, never announced ready for trial, and did not have ample time to prepare his defense to the allegations in the indictment, and did not have the right, as a consequence of the lack of time, to have an independent analysis made of the substance alleged to be heroin in this case, and we object to the introduction of State's Exhibits 1 and 2 on those bases."