Walter Whitfield **BOYD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–81–030–CR.

Court of Appeals of Texas, Texarkana.

March 23, 1982.

Rehearing Denied April 20, 1982.

Discretionary Review Granted July 21, 1982.

Charles W. Tessmer, Bentley C. Kelly, III, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, for appellee.

CORNELIUS, Chief Justice.

Appellant Walter Whitfield Boyd was convicted by jury of the offense of aggravated promotion of prostitution. Punishment was assessed at three years confinement in the Texas Department of Corrections.

Appellant operated a nude modeling studio in Dallas called the Cerberus Theatre. Testimony by State's witnesses Johnny Austin, a former projectionist and manager of the theatre, Glenda Gail Griffith, one of the alleged prostitutes, and Officer Ratley of the Dallas Police Department, was to the effect that females employed as models at the theatre performed various sexual acts with customers for pay under the direct instructions and supervision of appellant. The defense produced no witnesses at the trial. As the sufficiency of the evidence is not challenged, the facts will not be stated in further detail.

Appellant first contends that the trial court committed reversible error in denying his motion for continuance. A written first motion for continuance was filed on August 21, 1979, before the case was scheduled to go to trial on August 27, 1979. One of the many grounds on which the motion was based was the absence of Louise Boyd, who was named in the indictment as one of the prostitutes employed at the Cerberus Theatre. There is no written order in the record showing the court's action on the motion, but the docket sheet contains the following entry: "August 27, 1979. Passed by agreement to October 22, 1979, for jury trial." On October 22 defense counsel purported to re-urge the August 21 motion as a first motion for continuance. The State contended that the first motion had been granted on its agreement for the purpose of giving appellant time to secure the absent witness, and that the motion urged on October 22 was a second motion. The trial court made no specific ruling on that point but denied a further continuance.

■ The motion for continuance urged on October 22 constituted a second motion. See *Cromwell v. State,* 59 Tex.Cr.R. 525, 129 S.W. 622 (1910); *Goode v. State,* 57 Tex.Cr.R. 220, 123 S.W. 597 (1909). But whether it be considered a first or second motion, it appears there was no abuse of discretion on the part of the trial court in denying it. The indictment in this case was returned on May 11, 1978. Docket entries indicate that the case was passed by agreement at least seven times prior to the two-month postponement granted on August 27. According to the colloquy between the trial judge and the lawyers, efforts to locate Ms. Boyd continued during that time, but were unsuccessful. We conclude that appellant was not denied a reasonable opportunity to find the witness. In addition, there was no evidence produced indicating that the witness could ever be found even if additional delays had been granted. *Aguillar v. State,* 162 Tex.Cr.R. 584, 288 S.W.2d 88 (1956); *Fredericksen v. State,* 155 Tex.Cr.R. 287, 234 S.W.2d 872 (1950).

Appellant next urges that the trial court should have allowed him to introduce in evidence a transcript of the testimony of Louise Boyd given in a previous trial.

Ms. Boyd was one of the parties alleged in the indictment to have served as a prostitute in appellant's place of business. The transcript sought to be introduced in evidence was of her testimony at her previous trial on a misdemeanor charge of prostitution. In that trial she stated that she worked for appellant at the Cerberus Theatre as a nude model, but that she never engaged in any acts of prostitution and that she and the other employees had been instructed by appellant not to have any physical contact at all with the customers. In fact, she said that Officer Ratley, who was a State's witness in both her trial and this trial, was not telling the truth when he testified that she offered to have sexual relations with him at the theatre.

Tex.Code Crim.Pro.Ann. art. 39.01 (Vernon 1979)[1], provides for the use of a written transcript of the testimony of a witness *in a prior examining trial concerning the offense then being tried*, in certain circumstances and on proof of the death or unavailability of the witness. The situation here does not strictly come within that statute, but the Court of Criminal Appeals has applied the same conditions required by the statute to cases where testimony taken in a former trial of the accused or in a different proceeding between the same parties is sought to be introduced at the subsequent trial. 1A Ray, Texas Evidence § 946, p. 201 (Texas Practice 3d ed. 1980); *Anderson v. State*, 165 Tex.Cr.R. 525, 309 S.W.2d 239 (1957); *Cumpston v. State*, 155 Tex.Cr.R. 385, 235 S.W.2d 446 (1950); *Smith v. State*, 142 Tex.Cr.R. 349, 152 S.W.2d 751 (1941). Apart from the statute, the common-law rule is that statements made in evidence in a previous judicial proceeding may be admitted in a subsequent trial as evidence of the truth of such statements, provided that the witness is shown to be dead or unavailable, and the party against whom the evidence is now offered, or someone else claiming under the same right, had the opportunity to cross-examine the witness on the same issue as that upon which the evidence is now offered. 1A Ray, Texas Evidence § 941, pp. 193, 194; § 946, p. 201 (Texas Practice 3d ed. 1980), and cases there cited. In Texas the common-law rule has been further modified so that it is also necessary to show, if the witness is alive but unavailable, that the offeror was unable to take the witness' deposition before the trial. *Hall v. White*, 525 S.W.2d 860 (Tex.1975); *Wirtz v. Orr*, 575 S.W.2d 66 (Tex.Civ.App.—Texarkana 1978, writ dism'd).

We would be inclined to hold that there was sufficient identity of parties and identity of issues to meet those two requirements of the rule in this case. The State was party plaintiff in both proceedings and the issue, that acts of prostitution were performed at the Cerberus Theatre by Ms. Boyd, was a necessary element of proof in both proceedings. Only substantial identity, and not absolute identity is required.

1. Tex.Code Crim.Pro.Ann. art. 39.01 (Vernon 1979), provides:

"When an examination takes place in a criminal action before a magistrate, the defendant may have the deposition of any witness taken by any officer or officers named in this Chapter. The defendant shall not use the deposition for any purpose unless he first consent that the entire evidence or statement of the witness may be used against him by the State on the trial of the case, subject to all legal objections. The deposition of a witness duly taken before an examining trial or a jury of inquest and reduced to writing and certified according to law where the defendant was present when such testimony was taken, and had the privilege afforded of cross-examining the witness, or taken at any prior trial of the defendant for the same offense, may be used by either the State or the defendant in the trial of such defendant's criminal case under the following circumstances:

"When oath is made by the party using the same that the witness resides outside the State; or that since his testimony was taken, the witness has died, or that he has removed beyond the limits of the State, or that he has been prevented from attending the court through the act or agency of the other party, or by the act or agency of any person whose object was to deprive the defendant of the benefit of the testimony; or that by reason of age or bodily infirmity, such witness cannot attend. When the testimony is sought to be used by the State, the oath may be made by any credible person. When sought to be used by the defendant, the oath shall be made by him in person."

1A Ray, Texas Evidence § 950, p. 211 (Texas Practice 3d ed. 1980). But we find a complete absence of evidence to establish either the unavailability of the witness or the offeror's inability to have taken the deposition of the witness before trial. Statements of counsel and assertions in motions for continuance are not sufficient for such purposes.

■ Appellant's counsel stated at the trial that he did not offer Ms. Boyd's testimony to prove the truth of it as original evidence, but only as impeachment against Officer Ratley. We first observe that, unless Ms. Boyd's testimony was believed to be true, it would not impeach Officer Ratley. And a witness may not be impeached by contradictory statements of *another witness* made outside the trial being conducted, unless the statement is otherwise admissible under one of the exceptions to the hearsay rule. 1 Ray, Texas Evidence § 682, p. 619 (Texas Practice 3d ed. 1980). The operative fact rule, which allows out of court statements of a person to be admitted into evidence when they are offered other than for the truth of the matter stated, is applicable only where the *making of the statement itself* is the fact in issue. 1A Ray, Texas Evidence § 795, pp. 39–43 (Texas Practice 3d ed. 1980). The fact that Ms. Boyd gave testimony in another cause was not a fact to be proved in this case; her statement was relevant only if it was believed and it therefore contradicted and impeached Officer Ratley. Thus, it was inadmissible hearsay unless it qualified under the exception relating to prior testimony in a judicial proceeding. Under the circumstances the trial court correctly rejected the evidence.

It is next urged that the trial court committed an abuse of discretion in denying appellant's motion to take the deposition of the witness Johnny Austin. The motion was presented to the court at the pre-trial hearing held on October 19 prior to the trial which began on October 22. The affidavits supporting the motion asserted that the witness had refused to be interviewed by defense counsel.

■ The trial court is given broad discretion in deciding whether to allow the deposing of a witness, and its action in denying a motion for deposition will not be reversed by the appellate court, absent a showing of clear abuse of discretion, together with injury to the appellant. *James v. State*, 563 S.W.2d 599 (Tex.Crim.App.1978). *Beshears v. State*, 461 S.W.2d 122 (Tex.Crim.App. 1970).

■ We are unable to perceive that appellant was harmed by the denial of the deposition in this instance. Mr. Austin was ably and thoroughly cross-examined by defense counsel. The only claim of surprise arising from his testimony is that he stated that appellant had on occasions received discounts from film salesmen in return for providing them with dates with prostitutes. In view of the explicit and detailed testimony of one of the alleged prostitutes and Mr. Austin, who also worked for appellant, as to the various sexual acts engaged in by appellant's employees on his express instructions, we cannot see that the evidence about film salesmen could have prejudiced appellant's case. The same reasons compel us to overrule the fourth ground of error which complains of the court's denial of a continuance during the trial based upon surprise resulting from Mr. Austin's testimony.

■ Appellant also argues that reversible error was committed when the prosecuting attorney injected extraneous offenses into evidence by questions which indicated that appellant showed "X" rated films and operated a pornographic book store on the same premises where the prostitution enterprise was conducted. We find no cause for reversal on these grounds. The objections of defense counsel to the questions were sustained and the jury was instructed not to consider them. Moreover, the jury was already aware, from testimony without objection, that appellant's place of business was a nude modeling studio where acts of prostitution were regularly committed; Mr. Austin worked there as a "projectionist" before he became a manager; the theatre seated thirty people; and a book store was located on the premises where film, books,

magazines and "rubber goods" were for sale.

All of appellant's grounds of error have been carefully considered and are respectfully overruled. The judgment of the trial court is affirmed.