Walter Whitfield BOYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 448–82.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 15, 1982.

Charles W. Tessmer, Bentley C. Kelly, III, Dallas, for appellant.

Henry Wade, Dist. Atty. and John H. Hagler and Mike Wilson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

ODOM, Judge.

This is an appeal from a conviction for aggravated promotion of prostitution. V.T. C.A., Penal Code Sec. 43.04. After finding appellant guilty the court assessed punishment at 3 years. The Court of Appeals affirmed and we granted leave to file to consider appellant's contention that the trial court erred in excluding from evidence testimony recorded at a prior trial of Louise Marie Boyd. Appellant urges that Ms. Boyd's prior trial for prostitution and the present case arose out of the same criminal transaction. The Court of Appeals held that the prior recorded testimony of Ms. Boyd was not admissible since appellant did not establish the unavailability of the witness or the inability to have taken the deposition of the witness before trial. *Boyd v. State,* 633 S.W.2d 578 (Tex.App.1982).

The Court of Appeals reasoned that the common law rules on the admission of prior judicial proceeding statements apply. For a statement made in evidence in a prior judicial proceeding to be admitted, the court states that: (1) the witness who made such statement should be shown to be dead or unavailable and, (2) someone else claiming under the same right had an opportunity to cross-examine the witness on the same issue as that upon which the evidence is now offered. 1A Ray, Texas Evidence § 9.41, pp. 193, 194; § 946, p. 201 (Texas Practice 3d ed. 1980). If the witness is unavailable the offeror needs to show, to the sufficiency of the court, why the witness is unavailable and why the offeror was unable to take the witness' deposition before trial. *Boyd v. State,* supra, and cases cited therein. The unavailability of the witness and the offeror's inability to take the witness' deposition before trial was not shown even though there was sufficient identity of the parties and issues. Therefore, the appellate court ruled that the testimony from the prior judicial proceeding was not admissible.

Appellant argues the decision of the Court of Appeals should be overturned because the record shows he exercised diligence in his attempt to secure attendance of the absent witness and the requirement of showing an inability to take the witness' deposition should not be applied in criminal cases. When appellant sought to introduce the excluded evidence, he made no attempt whatsoever to lay either of these two predicates and told the trial court, "[W]e still say you don't have to lay a predicate for impeaching the testimony." On appeal he argued the predicate of diligence was shown by subpoenas and allegations in a prior motion for continuance, even though none of those matters were urged before the trial court at the time appellant sought introduction of the excluded evidence. An examination of the matters urged for the first time on appeal reveals that even if they had been presented to the trial court diligence would not have been shown. The subpoenas and motion for continuance were presented before the August 27 trial setting. The case was passed by agreement and was not tried until late October, almost two months later. Nothing is urged by appellant to show any act demonstrating a diligent effort to locate the witness at any time after the August trial date. Because we agree with the Court of Appeals that diligence was not shown, we need not address the issue of whether inability to take a deposition must also be shown.

As an additional argument, appellant submits that exclusion of this evidence denied his right to present a defense. Unlike *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, upon which appellant relies, the rule applied today does not create an absolute bar to presentation of appellant's defense. He could have presented the witness in person to testify, or, by making proper demonstration of unavailability of that witness, he could have presented evidence of the defensive theory by alternative means. Exclusion of the evidence for failure to demonstrate the required predicate did not deny appellant his right to present a defense.

The judgment of the Court of Appeals is affirmed.

McCORMICK, J., concurs in the result.

CLINTON and TEAGUE, JJ., dissent.