IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1908-02






RAMIRO FLORES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


KERR COUNTY





 Johnson, J., filed a concurring opinion in which Price, J., joined.


C O N C U R R I N G O P I N I O N 




 Today the court adopts the compelling-need test as the standard for determining whether
during a criminal trial, the state may properly call, as a fact witness for the state, the defense counsel
in that trial. While the test is narrow and the burden on the state properly heavy under this test, I
do not believe that it completely addresses the problem.

 Very rarely will circumstances permit the state to carry its burden of demonstrating the lack
of a feasible alternative and critical need for the testimony. In the few cases in which the state can
demonstrate such compelling need, that need will almost always have been evident long before trial
begins and should have been addressed before trial by a motion to disqualify or other appropriate
motion. See Brown v. State, 921 S.W.2d 227, 231 (Tex. Crim. App. 1996)(Keller, J., concurring)(the
state must show that the testimony is important to the state's case or is required to rebut the defense
case and that "the need for the testimony could not reasonably have been anticipated"). In such a
case, the state should not be permitted to ambush the defense during trial, and a request for the
opposing counsel to testify should be denied. The same should be true when a defense attorney
seeks to call a prosecutor as a witness.

 If the compelling need is claimed to have arisen during trial, as is the assertion here, it will
most likely be the result of counsel's conduct during trial. In this case, the prosecutor's excuse for
calling defense counsel was that counsel had created a "false impression" by questioning the
complainant about his identification of the defendant as the person who had stabbed him, a proper
inquiry. There was no "false impression," but even if there had been, as the court of appeals noted,
"'false impressions' left by defense counsel's questioning of witnesses is best addressed by skillful
re-direct or re-cross examination by the State, not by calling defense counsel as a witness." (1) The
most appropriate action by the state would have been to call the interpreter (2) who had allegedly been
asked for help in identifying the defendant and who was the only person who could testify from
personal knowledge. Instead, the prosecutor improperly called the defense counsel, who had no
personal knowledge and who had properly attempted to impeach the complainant's identification
of his client. When the state disrupts the attorney-client relationship in such a manner, the client
is unrepresented during the time that the counsel is testifying, a constitutional violation. The counsel
is put in an ethical bind: how to maintain confidentiality, how to zealously represent, how to cross-examine oneself effectively-all without compromising the client's interests. It is also likely that the
jury may be confused by the defense counsel's dual role (3) or that counsel's credibility would be
compromised in the eyes of the jury; is defense counsel speaking as an advocate for the defendant
or as a witness for the state? (4)

 Pending in this Court is another appeal, from Kendall County, (5) in which the court of appeals
noted that this same prosecutor, citing the creation of "false impressions" by defense counsel, called
herself as a witness, testified to an irrelevant and collateral matter, revealed the substance of pre-trial
negotiations with defense counsel, declined to allow herself to be cross-examined by the defense
counsel, and then "resumed her role as an advocate for the state and continued to try the case." (6) The
prosecutor in this cause has demonstrated an unfortunate tendency to abuse her authority to call
witnesses. Such conduct is reprehensible in a public official and ought to be soundly censured,
especially when the conduct is a continuing course of conduct, not a single lapse. 

 Article 2.01 of the Texas Code of Criminal Procedure states that it "shall be the primary duty
of all prosecutors, ..., not to convict, but to see that justice is done." Justice is not done when the
defendant is deprived of a fair trial by the actions of the prosecutor.

 I concur in the judgment of the Court. 

Filed: December 15, 2004 

Publish
1. Flores v. State, 90 S.W.3d 875, 884 (Tex. App - San Antonio 2002).
2. The burden is on the proponent to show the unavailability of a witness. Boyd v. State, 643 S.W.2d 708,
709 (Tex. Crim. App 1982)(appellant's proffered testimony by a witness in a prior proceeding was excluded; "He
could have presented the witness in person to testify, or, by making proper demonstration of unavailability of that
witness, he could have presented evidence of the defensive theory by alternative means.) There is nothing in the
record to indicate that any inquiry was made as to the availability of the interpreter. 
3. See Texas Disciplinary Rules of Professional Conduct, Rule 3.08, Comment 4 (2003)("the principal
concern over allowing a lawyer to serve as both an advocate and witness for a client is the possible confusion that
those dual roles could create for the finder of fact.").
4. Brown v. State at 231.
5. Ramon v. State, No. 04-02-00219-CR, 2003 Tex. App. LEXIS 7892 (Tex. App. - San Antonio,
September 10, 2003)(not designated for publication). 
6. Id., slip op. at 6.