Ruben AGUERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00042–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1991.

Rehearing Denied Sept. 25, 1991.

Discretionary Review Refused
Jan. 29, 1992.

Acie McAda, New Braunfels, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before CHAPA, PEEPLES and GARCIA, JJ.

ON APPELLANT'S MOTION
FOR REHEARING

CHAPA, Justice.

Appellant's motion for rehearing is denied, the opinion delivered on August 14, 1991 is withdrawn, and the following opinion is substituted in its place.

Appellant, Ruben Aguero, appeals a jury conviction of Indecency with a Child by Contact. Enhanced with four prior felony convictions, appellant was assessed punishment at ninety-nine (99) years' confinement.

The issues before this court are:

(1) whether the trial court erred in denying a new trial because the State suppressed exculpatory evidence in a report prepared by the Texas Department of Human Services;

(2) whether the trial court erred in failing to order the State to produce records of prior convictions of Mary Helen Guerrero;

(3) whether the trial court erred in failing to issue a bench warrant to permit the appellant to attend the New Trial hearing; and,

(4) whether "the trial court erred in not allowing the introduction of evidence that Mary Helen Guerrero made unfounded allegations against other men concerning their involvement with [the minor complainant]."

Initially, appellant complains that the trial court erred in denying him a new trial because the State suppressed exculpatory

evidence in a report prepared by the Texas Department of Human Services. The appellant "concedes that the content of the Department of Human Services report is not necessarily exculpatory, as appellant's innocence does not rest upon whether or not [the minor complainant] voluntarily participated in the sexual contact", but insists, nevertheless, that it would have aided his impeachment of the child.

"The standard to be applied in cases of suppression or nondisclosure of evidence by the State is whether the testimony may have had an effect on the outcome of the trial", and "[t]he key elements that must be shown are (1) suppression of evidence by the prosecution after a request by the defense; (2) the evidence's favorable character for the defense; and (3) the materiality of the evidence." *Crane v. State*, 786 S.W.2d 338, 348 (Tex.Crim.App.1990).

The record reflects that on the date alleged, the appellant, a 23 or 24 year old man, entered the home of the 12 year old complainant while the complainant was alone; that appellant fondled and kissed the complainant and asked her to go into the bedroom where he continued kissing and fondling her breasts and private parts; that appellant asked the complainant to lie in bed with him after taking off his shirt, where the fondling continued until the complainant's mother, Mary Helen Guerrero, discovered them in bed; and, that when Mary Helen Guerrero confronted the appellant's father, the appellant appeared and stated "Yes, I did it. And what?"

Appellant specifically contends that the trial court should have granted him a new trial because the State suppressed exculpatory information in the report by the Department of Human Services. Although the court did order the State, in the pretrial discovery hearing, to disclose any exculpatory information in its files to the appellant, the record reflects that the appellant failed to specifically request the report by the Department of Human Services. However, appellant insists that the report contains exculpatory information because of an interview with the complainant shortly after the incident, wherein the complainant indicated that she resisted the appellant's advances during the incident. Because the complainant changed her testimony during cross examination at trial, admitting for the first time that she consented to the advances, the appellant argues that the report is exculpatory and should have been provided to him. Thus, the issue is whether the reported interview was exculpatory and, if so, was it reversible error for the trial court not to grant a new trial on this basis.

Considering the elements set out in *Crane*, 786 S.W.2d at 348, we find that the appellant has failed in his burden. As to the first prong of *Crane*, the Human Services report was never specifically requested by the appellant, and the prosecution was, therefore, not required to furnish it unless the report contained exculpatory information which the prosecution was required to disclose pursuant to the court order.

The exculpatory information appellant contends he was deprived of was the reported Human Services interview with the complainant, which, in fact, sets out a condemning accusation of the accused supporting the allegations in the indictment. However, although appellant concedes the interview was "not necessarily exculpatory," he contends he was harmed because of the inconsistencies between the interview and the complainant's testimony during cross examination. Nevertheless, the record supports the State's argument that since the complainant had also given a statement to the prosecution's investigator almost identical to the Human Services interview, the State had no reason to believe that any part of the Human Services interview was in any way exculpatory at the time of the pre-trial hearing. Appellant, however, insists that the interview became exculpatory during trial when the complainant testified that she told the Human Services the same thing she said in court, and the State should have provided appellant with the Human Services interview at that time. However, although the appellant also became aware of the interview at the same time during trial, appellant failed to make a

request for the interview at any time thereafter. Further, since the complainant made conflicting statements in her testimony at trial, it is unclear which part of her testimony she was referring to when she stated that the Human Services interview was the same as her testimony at trial, which would not necessarily alert the State that the interview was exculpatory. Moreover, appellant concedes that the only reason he considers the interview exculpatory is because of the possible impeachment value, which is of little value considering that the complainant changed her testimony in the presence of the jury and admitted to consenting to the advances of the appellant.

As to the second prong of *Crane*, we fail to see that the report was of a favorable character to the appellant. As recognized by the appellant, the final *Crane* prong is also missing because the information was not material to the issue of whether or not the accused was guilty of the offense, since the offense did not depend on the consent of the minor complainant. Therefore, appellant has failed in his burden of establishing all three key elements under *Crane*, and we conclude that the information complained of would not have had an effect on the outcome of the trial. *Crane*, 786 S.W.2d at 348; *Ransonette v. State*, 550 S.W.2d 36, 39 (Tex.Crim.App.1976). The point is rejected.

Appellant next specifically contends that "[t]he trial court erred in failing to order the State to produce records of prior convictions of Mary Helen Guerrero pursuant to V.A.C.C.P. Art. 39.14." The request involved occurred in the pre-trial hearing. The appellant further requests that this court abate the appeal and order the production of the missing records of prior convictions of Mary Helen Guerrero.

■ Appellate rule 50(d) requires an appellant to present a sufficient record before this court to demonstrate the error complained of. TEX.R.APP.P. 50(d). Additionally, appellate rule 74 requires that an appellant cite authority in support of his complaints and direct this court's attention to that part of the record which demonstrates the error complained of, and shows proper preservation of the error. TEX. R.APP.P. 74. It is axiomatic that an appellate court cannot assume the role of assistant to either party by either searching through the record to justify a position taken or in any other way assisting either side. Where the appellant has failed in his burden to present a record demonstrating the error complained of, it is not the burden of the appellate court to abate the appeal, and supplement the record on behalf of the appellant. *Smith v. State*, 721 S.W.2d 844, 852 (Tex.Crim.App.1986). "Supplement[ation of] the record with documents not properly admitted or filed during the trial of this cause" "are not properly before [the appellate court] and will not be considered for any purpose." *Thompson v. State*, 612 S.W.2d 925, 926 (Tex. Crim.App.1981). Further, in order to properly preserve error, an appellant must make a timely specific objection or request and obtain a ruling by the court, or nothing will be presented for review. *See Sattiewhite v. State*, 786 S.W.2d 271, 283 (Tex. Crim.App.1989), *cert. denied*, — U.S. —, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990).

■ "Article 39.14 V.A.C.C.P., provides that before a defendant is entitled to discovery of matters related to his case the defendant must show good cause, materiality and that such requested information is 'in the possession, custody or control of the State or any of its agencies.'" *Smith*, 721 S.W.2d at 851, citing TEX.CODE CRIM. PROC.ANN. art. 39.14 (Vernon 1979). Where the appellant meets all the requirements of art. 39.14, and shows that the requested criminal records of the State's witnesses exist and are within the State's control, it is error for the trial court to deny the request. *Reed v. State*, 644 S.W.2d 494, 499 (Tex.App.—Corpus Christi 1982, pet. ref'd). "In discovery cases [appellate courts] will only reverse, however, if the omitted evidence creates a reasonable doubt which did not otherwise exist." *Id.*, citing *Quinones v. State*, 592 S.W.2d 933, 941 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

The record of the pre-trial hearing on discovery reflects that although the appellant made the request for the prior conviction records of the State's witness, Mary Helen Guerrero, the appellant failed to show the court either good cause, materiality, or that the requested information existed and was under the State's control. The court nevertheless granted the motion partially, ordering the State to disclose any prior conviction records it may have had in its file on any of its witnesses, but refused to order the State "to inquire" on behalf of the appellant. Having failed to show the court good cause, materiality, or that the requested information existed and was under the State's control at the time of the request, appellant has failed to show that the court erred in partially denying his request at the discovery hearing. TEX. CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979).

In order to address appellant's request that this court abate this appeal and order the missing prior conviction records of Mary Helen Guerrero, the record must be reviewed further.

█ During the trial before the jury, the appellant obtained an admission from Mary Helen Guerrero on cross examination that she had been convicted of a felony involving an assault. However, Guerrero denied any other felony convictions. In a bill of exceptions, appellant established from Mary Helen Guerrero that she did have another prior felony conviction for forgery in 1980, but that she had received probation and had, in fact, terminated her probation successfully. In an apparent effort to establish other convictions during the probationary period in order to make the 1980 conviction admissible, appellant questioned Guerrero as to other convictions involving check charges. Guerrero denied any other convictions, and the appellant failed to pursue the matter further.

After presenting evidence at the hearing on his motion for new trial, appellant requested the trial court order the State to obtain the prior records of Mary Helen Guerrero for appellate purposes. However, without obtaining a ruling by the court, the record concludes with the following exchange between the court and the appellant:

THE COURT: We always order them [the State] to furnish any rap sheet of witnesses that they have, but I've—I've never seen any case law that would require the State to go ahead and investigate the possible rap sheet or record of every possible witness that they put on the stand.

DEFENSE COUNSEL: Your Honor, I believe there is [sic] several cases. I do not have them copied off. I can pull them. Reed versus State, 644 SW2d 494, a Corpus Christi case.

THE COURT: Go ahead and mail me copies of those cases. I don't think they say what you think they might say.

DEFENSE COUNSEL: I guess the point being of the court is the fact that the district attorney does not have the records in their possession is not the issue. It's any state agency and I've also shown that they would have easy access by simply requesting the records from the Department of Public Safety. I guess the case that I can think of offhand is United States versus—

THE COURT: I don't want to rule on that today. If you would submit copies of those cases and I'll rule on them. I've never seen a case like that.

DEFENSE COUNSEL: I have nothing further.

█ Clearly, the burden was on the appellant to make a clear request of the trial court, to obtain a ruling in order to preserve any error, and to pursue any matter sufficiently in order to present a complete record before this court to show the error complained of. TEX.R.APP.P. 50. From this record, we cannot even ascertain whether the appellant complied with the court's request to furnish the court with the cases referred to by appellant. It is not the burden of this court to supplement the record on behalf of any party where the party has failed to diligently perfect its record. *Smith v. State*, 721 S.W.2d at 852. Further, to supplement the record at this time with documents not properly admitted

or filed during the trial under these circumstances would be improper. *Thompson,* 612 S.W.2d at 926. In the absence of the prior conviction records of Mary Helen Guerrero, it is impossible for this court to determine whether the omitted evidence created a reasonable doubt which did not otherwise exist, which is required in order to reverse. *Quinones,* 592 S.W.2d at 941. Therefore, appellant has failed to establish reversible error. The complaint is rejected.

Appellant next urges the trial court committed reversible error in failing to issue a bench warrant to permit the appellant to attend the new trial hearing.

■ Although TEX.CODE CRIM.PROC. ANN. art. 33.03 (Vernon 1989) provides that the defendant must be present during trial unless he voluntarily absents himself, "[i]t is not everything that takes place in the absence of the defendant upon trial for which a reversal should be ordered"; "[t]here must be an actual showing of injury or a showing of facts from which injury might reasonably be inferred." *Mares v. State,* 571 S.W.2d 303, 305 (Tex.Crim.App. 1978). Thus, when a bench warrant for the attendance of an accused at a new trial hearing is denied by the trial court, if the appellate court concludes that no harm or injury was sustained by the accused as a result of the violation of art. 33.03, the error is harmless beyond a reasonable doubt and reversal will not lie. *West v. State,* 752 S.W.2d 593, 597 (Tex.App.—Tyler 1987, pet. ref'd).

■ In the present case, although a bench warrant was requested by the appellant's counsel, and denied by the court at the new trial hearing, no effort was made by appellant's counsel to show the trial court how the accused would be harmed by his absence. Instead, counsel merely objected and proceeded. On appeal, appellant does not contend that he was harmed or how he was harmed, but merely asserts that a request for a bench warrant was made, denied by the court, and that the error is fundamental.

Clearly, the court committed error, but the error is not fundamental. Further, the appellant has not shown, and we cannot

find, that the appellant was injured by his absence from the hearing, or that any facts from which an injury may be inferred actually exist. *Mares,* 571 S.W.2d at 305. We further find that the error was harmless beyond a reasonable doubt. *West,* 752 S.W.2d at 597.

In his last point of error, appellant contends that "the trial court erred in not allowing the introduction of evidence that Mary Helen Guerrero made unfounded allegations against other men concerning their involvement with [the minor complainant]."

After conceding "that the contents of the statements [in the bill of exceptions] were not as great as detail as it could be or as would be presented to the jury", appellant nevertheless insists "that the substance of the evidence was made known to the court sufficient enough to apprise the court that appellant was attempting to show that Mary Guerrero had made groundless allegations against other men." As authority, appellant relies on TEX.R.CRIM.EVID. 103(a), which provides the following:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... (2) [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

■ In his brief, appellant directs this court to the bill of exceptions containing part of the testimony of Kenneth Wayne Smith, a neighbor of the complainant. A review of the part of the record to which the appellant directs this court reveals vague and unclear testimony suggesting that the 12 year old complainant was promiscuous and that the complainant's mother, Mary Helen Guerrero, did not desire Smith's brothers to be in her house when Guerrero was not at home, but no mention was made about "unfounded accusations". In fact, the record reflects that the appellant failed to present the "unfounded accusations" argument to the trial court, which he now makes to this court. Since appel-

lant presents different grounds on appeal from those presented to the trial court, and because appellant has failed to comply with TEX.R.CRIM.EVID. 103(a)(2), he presents nothing for review. The point is rejected.

The judgment is affirmed.