

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00205-CR

Juan Carlos **GOMEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2010 CRB 001162 L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

A jury found appellant Juan Carlos Gomez guilty of driving while intoxicated.  The trial court sentenced Gomez to 180 days in jail; however, the trial court suspended the sentence and placed Gomez on probation for a period of two years.  On appeal, Gomez raises two issues: (1) the trial court erred in denying his motion to suppress the blood draw evidence because there was no probable cause to arrest and no evidence that would warrant an involuntary blood draw; and (2) the trial court erred in denying his motion to suppress "spoliated" evidence.  We affirm the trial court's judgment.

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's determination of historical facts will be given almost total deference, while the trial court's application of the law will be reviewed de novo. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). "[T]he trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). A trial court's ruling on a motion to suppress will be upheld if there is any valid theory of law applicable to the case, even if the trial court did not base its decision on that theory. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

There is no reporter's record before this court with regard to either of the motions to suppress. Although Gomez attached portions of the reporter's record to his brief, it has long been the law in this state that an appellate court may not consider documents attached to a brief as part of the record on appeal. *Leza v. State*, 351 S.W.3d 344, 362 n.78 (Tex. Crim. App. 2011) (citing *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *Thompson v. State*, 612 S.W.2d 925, 928 (Tex. Crim. App. 1981)); *Aguero v. State*, 818 S.W.2d 128, 131 (Tex. App.—San Antonio 1991, pet. ref'd). All allegations must be supported by the appellate record, and we will not accept as fact any allegations unsupported by the record. *Whitehead*, 130 S.W.3d at 872; *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981).

Although the court reporter is responsible for preparing, certifying, and timely filing the reporter's record, that responsibility is conditioned upon an appellant filing a notice of appeal, requesting preparation of the record, and paying for the reporter's record if he is not entitled to appeal without paying the reporter's fee. TEX. R. APP. P. 35.3(b). The Rules of Appellate Procedure further provide that if the reporter's record has not been filed because the appellant

failed to pay the reporter's fee, the court may consider and decide only those issues or points that do not require a reporter's record for a decision. *Id.* R. 37.3(c)(2)(A).

In this case, the trial court determined Gomez was not indigent and was not entitled to a free reporter's record. On May 30, 2013, the court reporter responsible for preparing the reporter's record in this case filed a notification of late record stating the reporter's record had not been filed because Gomez had failed to pay or make arrangements to pay the reporter's fee and he was not entitled to appeal without paying the fee. Accordingly, on June 5, 2013, we ordered Gomez to provide written proof to this court on or before June 17, 2013, that he had made arrangements to pay the fee or he was in fact entitled to the record without paying the fee. In the order we advised Gomez that if he did not respond, this court would consider only those issues or points in his brief that did not require a reporter's record for a decision. *See id.* R. 37.3(c). Gomez did not comply with our order. We subsequently issued three additional orders in which we reminded Gomez of the consequences of his failure to respond to our initial order. Despite this, Gomez failed to file any response with regard to payment for the reporter's record. Because Gomez failed to provide this court with a reporter's record, and we gave him ample opportunity to do so, we must determine whether the issues presented may be decided without a reporter's record. *See id.*

Here, the absence of a reporter's record is fatal to Gomez's appellate contentions because the clerk's record alone does not establish an abuse of discretion with regard to either motion to suppress. *See Portillo v. State*, 117 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Gomez contends the testifying officer failed to "articulate facts that would establish that Gomez had lost the normal use of his faculties," and therefore, there was no probable cause to arrest him. Whether a trial court erred in denying a motion to suppress for lack of probable cause to arrest depends upon the evidence presented during the motion to suppress hearing. *See Torres v. State*, 182 S.W.3d 899, 901–02 (Tex. Crim. App. 2005) (holding probable cause exists for

warrantless arrest when facts and circumstances within officer's knowledge are sufficient to warrant person of reasonable caution to believe offense was or is being committed).  In the absence of a reporter's record, we have no evidence to review to determine whether the State, through the officer, produced evidence to establish Gomez was driving under the influence.  Thus, we have an insufficient record upon which to determine whether the trial court abused its discretion.

With regard to the motion to suppress based on spoliation, i.e., destruction of evidence, Gomez is faced with a similar problem.  Gomez contends that because the blood drawn after his arrest was destroyed, thereby preventing him from independently testing the evidence, the trial court erred in denying his motion to suppress the results of the blood draw.  However, the Supreme Court has specifically held that with regard to preservation of evidentiary material, unless the defendant can show bad faith on the part of law enforcement, "failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  Moreover, the defendant who complains about the destruction of evidence must demonstrate to the trial court that the evidence is both favorable and material to his case.  *Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.).  Here, in the absence of a reporter's record, we cannot determine the existence of bad faith or that the blood evidence was favorable and material to Gomez's case.  Accordingly, the record is insufficient to determine whether the trial court abused its discretion.

Based on the foregoing, we overrule Gomez's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish