**AFFIRM; and Opinion Filed May 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00392-CR

### MELISSA ANN MUNOZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F13-60536-M

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

Melissa Ann Munoz pleaded guilty to aggravated assault without the benefit of a plea agreement. The trial court found Munoz guilty of the offense and sentenced her to five years' imprisonment. Munoz filed a motion for new trial on the ground her plea was involuntary and asserts on appeal that the trial court erred by failing to procure her presence at the hearing on the motion for new trial. We affirm the trial court's judgment.

### Background

Munoz was charged with aggravated assault with a deadly weapon, an automobile. On March 21, 2013, Munoz pleaded guilty to the charge. She also signed a judicial confession admitting she committed the offense as alleged in the indictment.

At the plea hearing, the trial court orally confirmed that Munoz had reviewed the indictment with her attorney and understood both the charge pending against her and the range of

punishment for the offense "as indicated in the court's admonishments." As relevant to this case, the trial court's written admonishments to Munoz informed her that she was charged with a second degree felony with a punishment range of between two and twenty years' imprisonment and an optional fine not to exceed $10,000. Munoz signed the written admonishments, acknowledging she had read and understood the admonishments and that her attorney had explained the admonishments to her. Munoz affirmed to the trial court she was freely and voluntarily pleading guilty.

The State rested its case following the admission into evidence of Munoz's judicial confession. Munoz called several witnesses in support of her request for probation. These witnesses testified Munoz was a good mother, attended church, was a productive member of society, would never intentionally hurt anyone, and would be successful on probation.

Munoz also testified and requested she be placed on probation. Munoz affirmed she knew the difference between "straight" probation and deferred adjudication, and requested deferred adjudication. Munoz recognized that alcohol played a role in the offense, and testified she was aware the probation department had recommended she receive treatment at Nexus. However, placement at Nexus was not acceptable to her. Munoz testified she had worked at Nexus and it was a good program, but she had "heard some things about it that I think would not be as beneficial to me at this point."

When asked if she knew what intensive outpatient treatment entailed, Munoz responded she realized it could consist of ninety meetings in ninety days and going to a meeting every day. However, she would not be living in a treatment facility. Munoz indicated she had been attending "AA" meetings in jail, felt as if she was ready to "go home," and requested intensive outpatient treatment.

The trial court found that Munoz had freely and voluntarily entered her plea of guilty. The trial court stated Munoz had committed a "very serious offense," it had no doubt that Munoz was remorseful as to what happened, and it was "normally very big on rehabilitation, whether it be alcohol or drugs." However, after looking at the "CATS" report, as well as the facts set out in the presentence investigation report, the trial court noted that Munoz "somewhat left the scene, was in the house of the party telling folks – or the police that it was someone else driving the vehicle other than yourself." The trial court found Munoz guilty of aggravated assault, made an affirmative finding a deadly weapon was used in the commission of the offense, and sentenced Munoz to five years' imprisonment.

Munoz filed a motion for new trial asserting her plea was involuntary because she did not understand the consequences of her plea. Attached to the motion for new trial was Munoz's affidavit in which she stated that, prior to the plea hearing, she had met with "CATS" on two occasions as well as with a probation officer, but had not spoken to her attorney for almost two months. She had discussed Nexus and probation with "CATS," but had not discussed Nexus with her attorney. When she came to the plea hearing she was "very nervous/remorseful/afraid." She met with her attorney "for about 3 mins. before court started." Her attorney told her to "sign in a few places" and that they were "shooting for probation/outpatient." Munoz was confused and knew she "wanted rehab."

Munoz "thought [she] understood and didn't know [she] could say [she] didn't understand." During the plea hearing, her testimony was "flowing from the heart," and her attorney whispered in her ear to "stay focused" and that she "was doing well." Munoz thought "focused" meant outpatient treatment. She gave "quick and clean" responses to the trial court's questions until she was asked about Nexus. Munoz stated she then "hesitated to answer."

Munoz claimed she "wanted inpatient/Nexus" and her attorney "overpowered the recommendations and [her] needs in this case."

The trial court set a hearing on Munoz's motion for new trial for May 9, 2014. Although the record does not reflect why the hearing was not held on May 9, on May 13, 2014, the hearing was reset, at both parties' request, for May 22, 2014. On May 22, 2014, again at both parties' request, the hearing was reset for June 6, 2014. Because Munoz had been transferred to prison, the trial court issued a bench warrant on May 28, 2014 for Munoz to appear at the June 6, 2014 hearing.

The trial court held a hearing on Munoz's motion for new trial on June 4, 2014, the seventy-fifth day after it imposed sentence on Munoz.[1] Munoz was not present at the hearing. Munoz's counsel stated that:

> Ms. Munoz was transferred to TDC and has not officially waived her right to be present at this hearing. We did request that they [sic] be bench-warranted back in time for the motion for new trial period. She is not present. Therefore, we submit her affidavit, Defense 1, and proffer that she would testify in accordance with her affidavit, sworn affidavit testimony.
>
> Essentially, where she asserts she did not fully understand the consequences of her plea when she entered her plea. In that, she states that her frame of mind was frayed, that she was confused, she did not understand what was happening. That her trial attorney instructed her to stay focused and shoot for probation and out-patient. She asserts now that when she was asked if she knew about in-patient, she hesitated, she was confused. She knew that her trial attorney told her she wanted out-patient. And because of her refusal to take in-patient, the trial Court, therefore, sentenced her to term of incarceration.

Munoz's counsel concluded that the "crux of the argument here is that she entered her guilty plea without fully understanding that she could be sentenced to incarceration." The trial court admitted into evidence Munoz's affidavit as well as the transcript of the plea hearing. The trial court denied the motion for new trial.

---

[1] June 4, 2014 was the last day on which the trial court could rule on the motion for new trial. *See* TEX. R. APP. P. 21.8(a), (c).

**Analysis**

In a felony prosecution, the defendant has the statutory right to be present at trial.  TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006);[2] *Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003) ("Article 33.03 provides criminal defendants with a statutory right to be present during their trials.")[3]  This right includes the right to be present at a hearing on a motion for new trial.  *Phillips v. State*, 288 S.W.2d 775, 776 (Tex. Crim. App. 1956) (holding under predecessor statute that, absent affirmative waiver of right to be present, defendant's presence at hearing on motion for new trial is required); *Coons v. State*, 758 S.W.2d 330, 339 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd).  The defendant also has the right to be voluntarily absent from the trial proceedings after pleading to the indictment in a bench trial or after jury selection in a jury trial.  TEX. CODE CRIM. PROC. ANN. art. 33.03; *Routier*, 112 S.W.3d at 575.

Relying on article 33.03, Munoz argues the trial court erred by failing to procure her presence at the hearing on the motion for new trial.  However, to preserve a complaint for appellate review, the record must show a specific and timely complaint was made in the trial court and the trial court ruled on the complaint.  *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also* TEX. R. APP. P. 33.1(a).  The complaining party must have informed the trial court what was wanted, and why the party was entitled to it.  *Clark*, 365 S.W.3d at 339.  The specificity requirement is met if the complaint made at trial was clear enough so as to permit the

---

[2] Article 33.03 provides:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.  When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial.  Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

TEX. CODE CRIM. PROC. ANN. art. 33.03.

[3] A defendant also has the right under the Sixth and Fourteenth Amendments of the United States Constitution to be present at certain stages of a criminal proceeding against her.  *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam) (citing *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934)).  Munoz has not complained in this appeal that her absence from the hearing on the motion for new trial violated her constitutional rights.

trial judge to take corrective action when the complaint was made. *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; and (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009).

At the beginning of the new trial hearing, Munoz's counsel stated Munoz had not waived her right to be present at the hearing. Counsel did not, however, object to proceeding with the hearing in Munoz's absence or obtain a ruling from the trial court before proceeding with the hearing. Although we recognize that, if the trial court had not ruled on the motion for new trial on June 4, 2014, the motion would have been overruled by operation of law, this did not alleviate the requirement that there be a specific objection to proceeding with the hearing in Munoz's absence and an adverse ruling on that objection. *See* TEX. R. APP. P. 33.1(a). We conclude Munoz has waived this issue on appeal. *Coons*, 758 S.W.2d at 339; *see also Whitaker v. State*, 977 S.W.2d 869, 877 (Tex. App.—Beaumont 1998, pet. ref'd).[4]

Further, even if Munoz had preserved this issue for appellate review, we cannot conclude she was harmed by any error by the trial court. In assessing error based on a violation of article 33.03, we must determine whether the defendant's "substantial rights" were affected. TEX. R. APP. P. 44.2(b); *Tracy v. State*, 14 S.W.3d 820, 827 (Tex. App.—Dallas 2000, pet. ref'd) (applying harm analysis under rule 44.2(b) to violation of article 33.03). The court of criminal appeals has directed, when assessing harm based on a violation of article 33.03, that "[i]t is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be an actual showing of injury or a showing of facts from which injury

---

[4] *See also Freeman v. State*, No. 06-00-00197-CR, 2001 WL 499029, at *1 (Tex. App.—Texarkana May 11, 2001, no pet.) (not designated for publication) (defendant's counsel's failure to object to defendant's absence at hearing on motion for new trial and willingness to proceed with hearing in defendant's absence waived defendant's right under article 33.03 of code of criminal procedure to be present at hearing).

might reasonably be inferred." *Mares v. State*, 571 S.W.2d 303, 305 (Tex. Crim. App. 1978) (quoting *Cartwright v. State*, 259 S.W. 1085, 1086 (Tex. Crim. App. 1924) (op. on reh'g)); *see also Tracy*, 14 S.W.3d at 827. The trial court's failure to obtain the defendant's presence at the hearing on a motion for new trial through a bench warrant is harmless if the defendant was not injured by the failure. *See Aguero v. State*, 818 S.W.2d 128, 133 (Tex. App.—San Antonio 1991, pet. ref'd) (op. on reh'g); *West v. State*, 752 S.W.2d 593, 597 (Tex. App.—Tyler 1987, pet. ref'd) (concluding article 33.03 violation resulting from failure to procure defendant's presence at hearing on motion for new trial produced no harm or injury).

At the hearing on the motion for new trial, Munoz's counsel noted that Munoz had not waived her right to be present at the hearing on the motion for new trial and then proceeded with the hearing. Munoz's affidavit was admitted into evidence without objection from the State, and Munoz's counsel proffered that Munoz would have testified in accordance with her "sworn affidavit testimony." By not objecting to the hearing proceeding based solely on Munoz's affidavit, the State forfeited its right to cross-examine Munoz on the statements in her affidavit and on any inconsistencies between those statements and Munoz's statements at the plea hearing. Munoz's counsel argued at the motion for new trial hearing that Munoz did not understand when she entered the plea that she could be sentenced to incarceration and, if she was present at the hearing, the trial court could assess her credibility in making the statements in her affidavit.

On appeal, Munoz alleges she was harmed by her absence from the hearing because "she was denied the opportunity to explain how she entered her guilty plea without understanding the full consequences of her plea." However, Munoz's affidavit set out in detail how she contended she did not understand the consequences of her plea, and Munoz's counsel proffered that Munoz's testimony would be consistent with the statements in her affidavit. The trial court heard Munoz's testimony at the plea hearing and could readily determine whether the statements

in Munoz's affidavit had any impact on whether Munoz entered the plea freely and voluntarily and understood the punishment range applicable to the offense. Finally, nothing in the record indicates Munoz's presence at the hearing would have changed the arguments presented by her counsel. On this record, we cannot conclude Munoz has shown she was harmed by her absence from the hearing or that the record contains any facts from which any injury might reasonably be inferred. *See Mares*, 571 S.W.3d at 305; *Aguero*, 818 S.W.2d at 133; *see also* TEX. R. APP. P. 44.2(b); *Routier*, 112 S.W.3d at 579.

We resolve Munoz's issue against her and affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140392F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELISSA ANN MUNOZ, Appellant

No. 05-14-00392-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F13-60536-M.
Opinion delivered by Justice Fillmore, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of May, 2015.